# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BUSINESS RADIO, INC.,**

                **Plaintiff,**

**-vs-**                                      **Case No.  6:05-cv-372-Orl-31JGG**

**RELM WIRELESS CORPORATION,**

                **Defendant.**

_____

# ORDER

This case is before the Court on Defendant Relm Wireless Corporation's ("Relm") Motion to Dismiss (Doc. 13) and Plaintiff Business Radio, Inc.'s, ("Business Radio") Opposition (Doc. 16) thereto.

## I.    Background

Business Radio is a retailer and installer of mobile radio equipment, and is based in Kennewick, Washington.  Relm is a manufacturer and wholesaler of mobile radio equipment, and is based in West Melbourne, Florida.  Business Radio wants Relm to pay over $200,000 in losses arising from an improvident purchase.  Business Radio purchased certain mobile radio equipment ("Relm radios"); it expected that Relm would make available a "trunking"[1] upgrade for the Relm radios in the first quarter of 2004; and, when the upgrade was not available as expected, Business Radio defaulted on an obligation to the U.S. Department of Energy ("DOE").  Losses resulted.

---

[1]Trunking, in radio parlance, apparently means that the radio is capable of accessing radio frequencies based on availability.  If one or more frequencies on a multi-frequency system are occupied, a user can, with a trunking capable radio, automatically send or receive a transmissions on another frequency.

According to Business Radio, the basic reason it purchased the Relm radios was to fulfill a contract it previously entered with the DOE in 2002.  Under the DOE contract, Business Radio agreed to outfit DOE vehicles with radio equipment having, among other features, trunking capability.  One DOE field unit expressed a preference for Relm radios, so Business Radio contacted Relm to inquire about the trunking capability of Relm radios.  Relm responded to Business Radio's inquiry with a letter dated October 1, 2002, which reads, in relevant part:

> Thank you for your interest in [the] DPH portable.  I understand you have [a] question[]:
>
> 1.   TRUNKING
>      Trunking is not currently an option in the DPH portable.  It will be a Flash upgrade to the DPH portable with an additional charge to be determined and available first quarter 2004.  The trunking format used by BK Radio products will be Project 25 Trunking protocol.
>      . . . .
>
> It is the goal of RELM Wireless Corp. to offer BK Radio digital products that are both high quality and feature rich at competitive prices.  If I can be of any further assistance to you please feel free to contact me at . . . .  We at RELM look forward to earning your business.
>
> Sincerely,
> /s/
> Thomas Morrow
> Vice President
> Sales and Marketing

(Doc. 5, Ex. A).  Business Radio alleges that this letter contained a promise, on which it relied in deciding to purchase Relm radios.

On or about April 24, 2003, Business Radio and Relm completed a "Purchase Order" and thereby contracted for the purchase and sale of 73 Relm radios and certain accessories.  The "Purchase Order" did not contain any provision for the purchase of trunking upgrades.  Later, in

December 2003, Business Radio contacted Relm to order trunking upgrades for the Relm radios, and Relm responded that the upgrade was not yet available.  After Business Radio made further inquiries about the upgrade, Relm responded that it would not be available until some time in 2005.  Business Radio alleges that because Relm failed to make the trunking upgrade available as expected, Business Radio had to replace the Relm radios it installed in DOE vehicles with another type of radio capable of trunking.  The costs associated with that replacement are what Business Radio seeks from Relm as damages.

## II.     Standard of Review

In ruling on a motion to dismiss for failure to state a claim, a court must view the complaint in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto.  FED.R.CIV.P. 10(c). *See also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  A court is to assume that the allegations are true and liberally construe them in the plaintiff's favor.  *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969).  Dismissal for failure to state a claim is inappropriate unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Although a plaintiff's claims are not subject to a very high standard on a motion to dismiss, a complaint must contain, at a minimum, a short and plain statement showing that a plaintiff is entitled to relief and giving fair notice of what the plaintiff's claim is and the grounds that support it.  *See* FED R. CIV. P. 8; *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1270 *aff'd in relevant part en banc* 314 F.3d 541 (11th Cir. 2002).  In assessing whether a plaintiff has met

these requirements, conclusory allegations, unwarranted factual deductions, and conclusions of law need not be accepted as true. *See Wagner*, 289 F.3d at 1270. (citations omitted).

## III.    Legal Analysis

Business Radio asserts, in essence, the following claims: (A) that Relm breached a contract by failing to make a trunking upgrade available in the first quarter of 2004; (B) that Relm's failure also breached an implied contract of good faith and fair dealing; (C) that Relm's failure also breached an express warranty; (D) that Relm's failure breached an implied warranty of merchantability; (E) that Relm's failure breached an implied warranty of fitness for a particular purpose; (F) that Relm's October 1, 2002 constitutes a negligent misrepresentation; and (G) that the foregoing alleged contractual breaches and tort, further, make a violation of the Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. § 501.201 *et seq.* ("FDUTPA").  In this regard, virtually all of Business Radios claims trace back to an alleged breach of contract.  At issue, primarily, is whether Business Radio has stated a breach-of-contract claim – a claim that, itself, fundamentally requires a relevant contract.

### A.    No Relevant Contract for the Purchase and Sale of Trunking Upgrades

Business Radio has identified two items, which alone or in combination with each other or something else, allegedly constitute a contract.  There is the October 1, 2002 letter, and there is the "Purchase Order."  These items simply do not represent a relevant contract.

> While it is not necessary that all details of an agreement be fixed in order to have a binding agreement between parties, if there has been no agreement as to essential terms, an enforceable contract does not exist.  'So long as any essential matters remain open for further consideration, there is no completed contract.  In order to create a contract it is essential that there be reciprocal assent to a certain and definite proposition.' [] Failure to sufficiently determine quality, quantity, or price may preclude the finding of an enforceable agreement.

*Irby v. Memorial Healthcare Group, Inc.*, – So.2d –, 2005 WL 991519 *1 (Fla. 1st DCA

2005) (citations omitted).

> Certainly, what is an 'essential term' of a contract differs according to
> circumstances.  But, surely, it must include the terms specified in an offer to make a
> contract.  This is because an acceptance is effective to create a contract only if it is
> absolute and unconditional, and identical with the terms of the offer.

*Giovo v. McDonald*, 791 So.2d 38, 40 (Fla. 2nd DCA 2001).

In the instant case, the October 1, 2002 letter speaks of a product that, at the time, was not

available, and the letter does not specify the anticipated quantity or price at which it might offer to

sell the product.  The letter, aside from providing a very general product description, leaves open

every conceivable contractual term the parties could later negotiate.  In addition, the letter

contemplated that Business Radio would make a future order to purchase some quantity of the

anticipated upgrade product, which could be rejected.  *See* FLA. STAT. § 672.206(1)(b).  Business

Radio has made no allegation that would warrant deducing that the letter represents, or is even half

of, a reciprocal assent to a certain and definite proposition – *i.e.,* a purchase and sale contract for

trunking upgrades.

The Purchase Order, furthermore, is inapposite.  It is, if anything, a purchase and sale

contract for Relm radios and certain accessories.  The October 1, 2002 letter makes clear that the

trunking upgrade is a separate product.  The Purchase Order does not purport to list a per-unit

price or quantity of trunking upgrades, nor does it reference the October 1, 2002 letter in any way.

In that regard, the Purchase Order self-evidently does not provide for, nor constitute a contract for,

the purchase and sale of trunking upgrades.

Overall, and despite its references to the October 1, 2002 letter and the Purchase Order, Business Radio has made no allegations from which to infer the existence of a contract, with attendant terms, on which Relm was obligated to deliver trunking upgrades to Business Radio. Without such a contract, the Court cannot discern terms Relm could have breached by failing to deliver trunking upgrades. This is not to say, however, that Business Radio would be unable to replead its claims so as colorably to allege the existence of such a contract.[2] Accordingly, the Court will dismiss Business Radio's breach of contract claim without prejudice.

**B.      No Implied Covenant of Good Faith**

As Business Radio has failed to state a claim for breach of contract, its claim for breach of an implied covenant of good faith must also fail. Such a claim cannot stand alone. "The good faith requirement does not exist 'in the air.' Rather, it attaches only to the performance of a specific contractual obligation." *Johnson Enters. of Jacksonville, Inc. v FPL Group, Inc.*, 162 F.3d

---

[2]Significant hurdles stand in the way of appropriately alleging such a claim. The Statute of Frauds, FLA. STAT. § 672.201(1) or WASH. REV. CODE § 62A.2-201, generally provides that:

> a contract for the sale of goods for the price of [\$500] or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for the sale has been made between the parties and signed by the party against whom enforcement is sought or by his [or her] authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

"Consequently, the critical requirements of a contract of sale under the UCC statute of frauds are that the writing evidence a sale of goods, that it be signed, and that it specify quantity." *Alaska Indep. Fisherman's Mktg. Ass'n v. New England Fish Co.*, 548 P.2d 348, 351 (Wash. Ct. App. 1976). Consistent with the requirements of Federal Rule of Civil Procedure 11, Business Radio, if it intends to replead, will apparently have to have a good faith basis to allege that, for the purchase and sale of trunking upgrades, it had a contract that satisfies the Statute of Frauds. In light of the expense of the Relm radios, it is very likely that the Statute of Frauds would apply to the purchase and sale of the trunking upgrades.

1290, 1314 (11th Cir. 1998).  As previously indicated, Business Radio has failed adequately to allege the existence of a contract obligating Relm to deliver trunking upgrades.

### C.    No Relevant Express Warranty

Business Radio alleges that the October 1, 2002 letter contained a promise that  created an express warranty.  To that end, Business Radio relies on the following statutory language: "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis for the bargain creates an express warranty that the goods shall conform to the affirmation or promise."  FLA. STAT. § 672.313(1)(a).  What Business Radio fails to acknowledge, however, is that "the goods" to which this language refers are the goods actually purchased and sold.

Business Radio received the only goods, the Relm radios and accessories, it contracted to purchase.  Styled as a breach of express warranty claim, Business Radio's claim amounts to an end-run attempt to craft a purchase and sale contract for trunking upgrades.  Again, Business Radio has failed adequately to allege the existence of a purchase and sale agreement that would obligate Relm to deliver trunking upgrades, which are separate goods.

### D.    No Breach of an Implied Warranty of Merchantability

Business Radio apparently claims that the Relm radios are not merchantable because they did not include the trunking upgrade.   To be merchantable, goods "must have passed without objection in the trade under the contract description, be of fair average quality, and be fit for the ordinary purposes for which such goods are used."  *Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1099 (11th Cir. 1983).  Here, Business Radio received what it paid for – 73 Relm radios fitting the model description DPH 5102X.  Business Radio does not contend that the

Relm radios fail to pass as radios in ordinary use.  It is undisputed that the radios, as described, would not be capable of trunking without a separate product – a trunking upgrade.  Business Radio's claim for breach of implied warranty of merchantability is meritless.

### E.    No Breach of an Implied Warranty of Fitness for a Particular Purpose

Business Radio alleges that Relm provided goods it warranted to be fit for a particular purpose, but the goods delivered were not.  Florida law provides, in this regard, that:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is <u>relying on the seller's skill or judgment to select or furnish suitable goods</u>, there is unless excluded or modified under the next section an implied warranty that <u>the goods shall be fit for such purpose</u>.

FLA. STAT. § 672.315 (emphasis added).  This underscored language requires that a buyer reasonably rely on a seller's expertise, such that the goods being delivered will be suitable for a particular purpose.

In the instant case, there was clearly was no such reliance.  Business Radio unquestionably knew that the goods, Relm radios, it contracted to purchase were not capable, in themselves, of trunking.  So even if it is assumed that the relevant "particular purpose" was to fulfill Business Radio's DOE contract, Business Radio should have known that the Relm radios, in themselves, could not possibly fulfill the DOE contract.  The need for separate goods – trunking upgrades – was clearly known to Business Radio.  Business Radio's claim, in effect, relies for its existence on a contract for the purchase and sale of trunking upgrades, and premises a warranty breach on the failure to deliver them.   Again, however, Business Radio apparently failed to secure such a contract on which it could reasonably rely.

**F.     No Viable Negligent Misrepresentation Claim**

Business Radio alleges that Relm negligently made misrepresentations on which Business Radio justifiably relied and which thereby caused damages.  A plaintiff generally cannot assert a tort cause of action for economic losses arising from a contract.  *See, e.g., Florida Power & Light Co. v. Westinghouse Electric Corp.*, 510 So.2d 899,  900-02 (Fla. 1987).  Business Radio's claim, in essence, is that the Relm radio's failed to meet its economic expectations.  That claim is viable, if at all, only under a contract theory of recovery.  *See id.* at 902.

**G.     No FDUPTA Violation**

Business Radio, relying on the foregoing claims, alleges that Relm had violated FDUPTA.  As none of the forgoing claims, as currently pled, state a claim upon which relief can be granted, it appears that there is no basis for Business Radio's FDUTPA claim.  Furthermore, to the extent Business Radio's FDUTPA claim is premised on a fraud theory, it has not been pled with the requisite particularity.  *See General Motors Acceptance Corp. v. Laesser*, 718 So.2d 276, 279 (Fla. 4th DCA 1998)(Gross, J., concurring).

**IV.   Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that Relm's Motion to Dismiss is **GRANTED**.  Business Radio's claims are DISMISSED without prejudice.  Business Radio shall have until July 11, 2005 to replead claims, if it can appropriately do so.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 20, 2005.

Copies furnished to:

Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE